# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ALONZO ROBINSON, | : | |
| | : | CIVIL ACTION |
| Petitioner, | : | |
| | : | |
| v. | : | |
| | : | NO. 17-5242 |
| PENNSYLVANIA BOARD OF | : | |
| PROBATION AND PAROLE, et al. | : | |
| | : | |
| Respondents. | : | |

## ORDER

**AND NOW** this 8th day of July, 2019, upon consideration of Petitioner's Amended Petition for Writ of Habeas Corpus (Doc. No. 39), Respondents' Opposition (Doc No. 41), Petitioner's Reply (Doc. No. 43), the Report and Recommendation ("R&R") of United States Magistrate Judge Marilyn Heffley (Doc. No. 44), Petitioner's Objections (Doc. No. 46), and Respondents' Opposition to the Objections (Doc. No. 48), I find as follows:

**Factual and Procedural History**[1]

1. In 1983, a Philadelphia County Court of Common Pleas jury convicted Petitioner, Alonzo Robinson, of rape, involuntary deviate sexual intercourse, and simple assault. Petitioner was subsequently sentenced to twenty-seven and a half to fifty-five years' imprisonment. In connection with his apprehension and arrest in the sexual offense charges, Petitioner was separately charged, tried, convicted, and sentenced for firearms violations, resisting arrest, and related offenses.

---

[1] For a more detailed recitation of the factual and procedural history, I incorporate by reference Judge Heffley's R&R.

2. Petitioner appealed these convictions to both the Pennsylvania Superior Court and the Pennsylvania Supreme Court, both of which affirmed his convictions. Petitioner also sought and was denied relief under the Pennsylvania Post-Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541, et seq.

3. Petitioner previously filed four petitions for writ of habeas corpus, all of which challenged his conviction and sentence. These petitions were all denied.

4. On November 16, 2017, Petitioner filed the current *pro se* Petition for Writ of Habeas Corpus challenging his denial of parole. Specifically, he claimed that he had been improperly denied parole on six occasions following the expiration of his minimum sentence on June 4, 2012.

5. Retained counsel subsequently entered an appearance on Petitioner's behalf and, on August 7, 2018, filed an Amended Petition for Writ of Habeas Corpus, challenging only the latest denial of parole on September 21, 2017.

6. The case was referred to Judge Heffley, who issued an R&R on March 22, 2019, finding that Petitioner's due process claim was meritless and that Petitioner was not entitled to discovery.

7. On March 22, 2019, Petitioner filed Objections to that Report, which I now consider.

**Standard for Review of an R&R**

8. Under 28 U.S.C. § 636(b)(1)(B), a district court judge may refer a habeas petition to a magistrate judge for proposed findings of fact and recommendations for disposition. When objections to a Report and Recommendation have been filed, the district court must make a *de novo* review of those portions of the report to which specific objections are made. 28 U.S.C. § 636(b)(1)(C); Sample v. Diecks, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989). In

performing this review, the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

**Discussion**

9. The Fourteenth Amendment provides, in pertinent part: "nor shall any state deprive any person of life, liberty, or property without due process of law." U.S. Const. amend. XIV, § 1. However, "[i]t is well-settled that 'there is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence." Anderson v. PBPP, No. 05-163, 2006 WL 1149233, at *1 (M.D. Pa. Apr. 26, 2006) (quoting Greenholtz v. Inmates of Neb. Penal & Correctional Complex, 442 U.S. 1, 7 (1979)); see Harper v. Thomas, No. 07-647, 2007 WL 2713246, at *4 (E.D. Pa. Sept. 27, 2007). Thus, the Constitution "does not give a prisoner a general liberty interest in parole protected by the Fourteenth Amendment." Perry v. Vaughn, No. 04-934, 2005 WL 736633, at *11 (E.D. Pa. Mar. 31, 2005).

10. The Pennsylvania parole statute also does not create a liberty interest in the right to be paroled. Anderson, 2006 WL 1149233, at *1 (citing Burkett v. Love, 89 F.3d 135, 139 (3d Cir. 1996)); Rodgers v. Parole Agent SCI–Frackville, Wech, 916 F. Supp. 474, 476–77 (E.D. Pa. 1996) ("under Pennsylvania law, the granting of parole is not a constitutionally protected liberty interest"). Rather, Pennsylvania law grants the Parole Board vast discretion to refuse or deny parole. See 61 Pa. Con. Stat. Ann. § 6137. The Pennsylvania statute sets out various factors that the Parole Board may consider when making this decision, including: (1) the nature and circumstances of the offense committed; (2) any recommendations made by the trial judge and prosecuting attorney; (3)

the general character and background of the inmate; (4) participation by an inmate sentenced after February 19, 1999, and who is serving a sentence for a crime of violence as defined in 42 Pa.C.S. § 9714(g) (relating to sentences for second and subsequent offenses) in a victim impact education program offered by the Department of Corrections; (5) the written or personal statement of the testimony of the victim or the victim's family submitted under section 6140 (relating to victim statements, testimony and participation in hearing); (6) the notes of testimony of the sentencing hearing, if any, together with such additional information regarding the nature and circumstances of the offense committed for which sentence was imposed as may be available; and (7) The conduct of the person while in prison and his physical, mental and behavioral condition and history, his history of family violence and his complete criminal record. 61 Pa. Cons. Stat. § 6135.

11. The state may not deny parole on constitutionally impermissible grounds, such as race, religion, ethnicity, or retaliation for exercising constitutional rights. Burkett, 89 F.3d at 139–40. Moreover, "[w]hen the Parole Board bases its decision on factors that bear no rational relationship to rehabilitation or deterrence, it transgresses the legitimate bounds of its discretion." Rodriguez v. Mooney, No. 14-139, 2017 WL 4320323, at *4 (M.D. Pa. Sept. 28, 2017) (quoting Block v. Potter, 631 F.2d 233, 237 (3d Cir. 1980)).

12. Nonetheless, a federal court's review of a state parole board decision is limited to an abuse of discretion inquiry. Ellerby v. Eckard, No. 15-5900, 2016 WL 2996220, at *3 (E.D. Pa. Apr. 29, 2016) (citing Block, 631 F.2d at 235), report and recommendation adopted, No. 15-5900, 2016 WL 2989001 (E.D. Pa. May 23, 2016). The Third Circuit has stressed that a substantive due process claim based upon alleged arbitrary and capricious actions is not easily mounted because the relevant level of arbitrariness required involves "not merely

action that is unreasonable, but, rather, something more egregious, which we have termed at times 'conscience shocking' or 'deliberately indifferent.'" Hunterson v. DiSabato, 308 F.3d 236, 246–47 (3d Cir. 2002); see also Evans v. Secretary, Pa. Dep't of Corrs., 645 F.3d 650, 659–60 (3d Cir. 2011).

13. Here, the Parole Board denied parole to Petitioner based on multiple reasons, all of which fall within the factors enumerated by the Pennsylvania statute:

> YOUR RISK AND NEEDS ASSESSMENT INDICATING YOUR LEVEL OF RISK TO THE COMMUNITY
>
> REPORTS, EVALUATIONS AND ASSESSMENTS/LEVEL OF RISK INDICATES YOUR RISK TO THE COMMUNITY.
>
> YOUR FAILURE TO DEMONSTRATE MOTIVATION FOR SUCCESS.
>
> YOUR MINIMALIZATION/DENIAL OF THE NATURE AND CIRCUMSTANCES OF THE OFFENSE(S) COMMITTED.
>
> YOUR REFUSAL TO ACCEPT RESPONSIBILITY FOR THE OFFENSE(S) COMMITTED.
>
> YOUR LACK OF REMORSE FOR THE OFFENSE(S) COMMITTED.

(Am. Pet. for Habeas Corpus, Ex. N.) The Parole Board stated that at the next interview for parole, it would review the file and consider:

> WHETHER YOUR COMPLIANCE WITH DOC ORDERED MENTAL HEALTH SERVICES.
>
> WHETHER YOU HAVE MAINTAINED A FAVORABLE RECOMMENDATION FOR PAROLE FROM THE DEPARTMENT OF CORRECTIONS.
>
> WHETHER YOU HAVE MAINTAINED A CLEAR CONDUCT RECORD.

(Id.)

14. Petitioner now speculates that the Parole Board's denial of parole was impermissibly based on two erroneous assumptions.

15. First, he posits that parole was improperly denied based, in part, on his failure to take responsibility for his use of a deadly weapon during the assault. Petitioner points out that the victim of the sexual assault stated, in her initial complaint to police, that Petitioner threatened her with a knife. But, at the preliminary hearing and trial, the victim allegedly abandoned all claims that a knife had been used. Thereafter, according to Petitioner, at sentencing, the trial judge, citing from the pre-sentence investigation report ("PSIR"), stated that "this case involves really two cases, one in which a 17-year-old girl was allegedly picked up and forced at the point of knife to accompany defendant . . . [and] was sexually assaulted." (Am. Pet., Ex. A.) Defense counsel objected to this alleged mischaracterization of the record, as the victim had abandoned the allegation that a knife was used.

16. Thereafter, during his parole hearing, Petitioner was asked to explain his use of a knife during the sexual assault, a fact which he repeatedly denied. (Am. Pet, Ex. M, ¶¶ 3–6.) He now suggests that these questions indicate that the Parole Board improperly believed he used a knife during the crime and premised the parole denial on that ground.

17. Second, Petitioner claims that the Parole Board relied on an incorrect criminal history in denying parole. He explains that the PSIR before the trial judge on the instant offenses spelled out his lengthy juvenile and adult arrest history, without making clear which arrests ended in convictions. At that sentencing hearing on December 4, 1984, the trial court referenced Petitioner's twenty-eight arrests and eight adult convictions. (Am. Pet., Ex. A, at 53.) Petitioner asserts that the trial judge relied on an old PSIR from an unrelated case,

that there were discrepancies in that PSIR, and that Petitioner did not actually have eight adult convictions at the time. In turn, he argues that the Parole Board relied on this inaccurate criminal history in denying him parole.

18. On review of the Amended Petition for Writ of Habeas Corpus, Judge Heffley's R&R thoroughly addressed both of these alleged discrepancies in detail. With respect to the information regarding the use of the knife during Petitioner's commission of the sexual assault, Judge Heffley determined that nothing in the record supported Petitioner's "assumption" that the Parole Board considered that fact when denying parole. With respect to the alleged discrepancies in Petitioner's criminal record, Judge Heffley engaged in an extensive review of the record and found that Petitioner himself had informed the trial judge that he had previously been arrested twenty-eight times, with six adjudications and eight convictions. (R&R 12.) Judge Heffley also determined that it was "pure speculation that the Parole Board, in denying Robinson parole, heavily relied, or relied at all, on purportedly incorrect information from a more than three-decade old Pre-Sentence Investigation Report from an unrelated case." (R&R 12.)

19. Petitioner's Objections to the R&R are simply a re-hash of the same arguments considered by Judge Heffley in her comprehensive R&R. Although Petitioner suggests that a reasonable inference exists that the Parole Board relied on incorrect and/or incomplete information in making its decisions, I concur with Judge Heffley that this argument is premised on pure speculation unsupported by any evidence of record.

20. In any event, the Parole Board's stated rationale for denying Petitioner parole was grounded in the Board's legitimate discretion applying the factors established by the Pennsylvania Legislature. "Federal courts are not authorized by the due process clause to

second-guess parole boards and the requirements of substantive due process are met if there is some basis for the challenged decision." Coady v. Vaughn, 251 F.3d 480, 487 (3d Cir. 2001).

21. Nor is Petitioner entitled to discovery and/or an evidentiary hearing to obtain discovery to address, as he claims, "the possibility of unconstitutional reliance upon false information by the Pennsylvania Board of Probation and Parole." (Objections 12–13.) "[B]ald assertions and conclusory allegations do not provide sufficient ground to warrant requiring the state to respond to discovery or to require an evidentiary hearing." Zettlemoyer v. Fulcomer, 923 F.2d 284, 301 (3d Cir. 1991).

**WHEREFORE**, it is hereby **ORDERED** that:

1. The Report and Recommendation is **APPROVED** and **ADOPTED**;
2. The Petition for Writ of Habeas Corpus is **DENIED**;
3. There is no basis for the issuance of a certificate of appealability; and
4. The Clerk of Court shall mark this case **CLOSED**.

        **BY THE COURT:**

        */s/ Mitchell S. Goldberg*

        **MITCHELL S. GOLDBERG, J.**